736 F.2d 1329
 35 Fair Empl.Prac.Cas. 606,
34 Empl. Prac. Dec. P 34,497
Stephen HARMON, Plaintiff-Appellant,
v.
SAN DIEGO COUNTY (a public corporation); David K. Speer,
Chief Administrative Officer of San Diego County; William
D. Winterbourne, Director of the Department of Civil Service
and Personnel for San Diego County; Joseph Stables, David
G. Martinez, Veryl J. Mortenson, King O. Taylor, Timothy M.
Considine, Members, San Diego County Civil Service
Commission, Defendants-Appellees.
 No. 83-6069.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 7, 1984.
Decided July 3, 1984.
 
 Cecil W. Marr, Robert J. Loew, Loew & Marr, Los Angeles, Cal., for plaintiff-appellant.
 Lloyd M. Harmon, Jr., San Diego, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of California.
 Before TANG and BOOCHEVER, Circuit Judges, and SOLOMON,* District Judge.
 SOLOMON, Judge:
 
 
 1
 Stephen Harmon, a white male in a Title VII action, was awarded $22,480 in back pay for having been denied employment as the Associate Administrator of the San Diego County Hospital because of his race and sex. The County gave the position to a white female because it believed that a prior consent decree[1] required such action. The court also enjoined the County "from filling any vacancy in the position of Associate Administrator or its equal for which the plaintiff is then qualified until the plaintiff is given the first opportunity to accept or reject that position."
 
 
 2
 Harmon filed an application for $98,562.18, including a 1.75 multiplier, in attorney fees and $6,721.39 in costs. After a hearing, the district court awarded Harmon $15,000 in attorney fees and $724.17 in costs. Harmon was paid this amount under an agreement that the payment would not constitute a waiver of his right to continue with his appeal.
 
 
 3
 On appeal, Harmon contended that (1) he was entitled to attorney fees for his unsuccessful efforts to intervene in United States v. San Diego County; (2) the court erred in its calculation of attorney fees; and (3) the court erred in its award of costs.
 
 
 4
 Another panel of this court affirmed the district court's exclusion of the hours spent on the unsuccessful efforts to intervene. Harmon v. San Diego County, 664 F.2d 770, 772 (9th Cir.1981) (Harmon I). The panel also found that an award of costs of $724.17 was "not inappropriate," but it remanded the case to the district court for an explanation of its attorney fee award in terms of the factors outlined in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir.1975), cert. denied, sub nom. Perkins v. Screen Extras Guild, Inc., 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976).
 
 
 5
 On remand, Harmon sought: (1) $54,508.13 in attorney fees[2] and $6,721.39 in costs for the substantive aspects of the case; (2) attorney fees of $2,917.50 for litigating the attorney fees issue in district court in the first trial; (3) attorney fees of $6,397 for the appeal; and (4) attorney fees of $1,694 for services rendered in district court after remand.
 
 
 6
 The district court considered all of the factors in Kerr, 526 F.2d at 70, and concluded that $15,000 was a reasonable attorney fee. A court does not need to discuss each factor specifically. Rutherford v. Pitchess, 713 F.2d 1416, 1420 (9th Cir.1983). Nevertheless, the court here did consider each of the twelve factors, some in detail and others only briefly. This was an uncomplicated reverse discrimination case which did not require extraordinary skill. No novel or difficult questions were involved. Representation of a white male in a job discrimination case is not an undesirable case under Kerr,[3] particularly when, as here, he was passed by even though his qualifications were admittedly superior. There was no danger of public ridicule, condemnation, or any undesirable consequences of this representation.
 
 
 7
 The district court considered the issues involved and the difficulty of the case and concluded that:
 
 
 8
 the 454.2 hours spent by attorneys for plaintiff was unreasonable in this case. This was not a 454.2 hour case. This court believes that any time in excess of 200 hours was frivolously spent.
 
 
 9
 The district court is in a better position than we are to evaluate the amount of work reasonably necessary to prepare and try this case. In making that determination, the court considered the proper factors, and even though we may disagree with the weight given certain factors, we may only reverse for a clear abuse of discretion. Kerr, 526 F.2d at 69. We find no such abuse here.
 
 
 10
 Harmon persists in his claim he is entitled to a multiplier--an upward adjustment in the fee award. The Supreme Court has recently addressed this issue in Blum v. Stenson, --- U.S. ----, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). In Blum, the court limited upward adjustments in fee awards to those rare cases where the quality of representation and the success is "exceptional." See also Hensley v. Eckerhart, --- U.S. ----, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). A district court is expressly empowered to exercise discretion in determining whether an award should be made and its reasonableness. This rule applies not only to the basic fee but also to multipliers. We find no abuse of discretion here.
 
 
 11
 Finally, Harmon requests attorney fees for time spent on appeal and on remand. The district court rejected Harmon's claim because he was not a prevailing party within the meaning of 42 U.S.C. Sec. 2000e-5(k). We agree.
 
 
 12
 AFFIRMED.
 
 BOOCHEVER, Circuit Judge, dissenting:
 In Harmon I we remanded, because:
 
 13
 [t]he gap between the figures employed by the appellant, which yielded the amount requested by the appellant, and the amount ordered by the district court is too great to permit a mere recital of having considered Kerr to insulate the order from reversal.
 
 
 14
 664 F.2d 770, at 772. The gap remains. The district court on remand awarded an identical fee. The court's cursory explanation for a large portion of the discrepancy between the fee requested and the fee awarded is that the 454.2 hours spent by plaintiff's counsel were "unreasonable" and that time in excess of 200 hours was "frivolously spent."
 
 
 15
 Harmon's counsel submitted a detailed breakdown of the hours expended on various tasks performed in litigating the case. None of these hours appears patently unjustified. The district court, however, fails to explain which of these hours it believes were unnecessary or frivolous. I would hold that the district court has not complied with this court's directive to explain its result adequately.
 
 
 16
 If, as appears likely, Harmon's counsel were to obtain an increase in the fee awarded upon a second remand of the case, I would award additional fees for his efforts in prosecuting the fee issue. See Chinese for Affirmative Action v. Leguennec, 580 F.2d 1006, 1009 (9th Cir.1978), cert. denied, 439 U.S. 1129, 99 S.Ct. 1047, 59 L.Ed.2d 90 (1979) (plaintiff entitled to fees for appeal where an issue is finally determined on the merits in its favor).
 
 
 
 *
 The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 [1]
 United States v. San Diego County, No. 76-1094-S, (S.D.Cal.1977)
 
 
 [2]
 This amount included a 1.75 multiplier
 
 
 [3]
 See Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 719 (5th Cir.1974) (discussion of undesirability in case which set out the twelve factors adopted in Kerr )