768 F.2d 1148
 38 Fair Empl.Prac.Cas. 1314,
38 Empl. Prac. Dec. P 35,496
Geraldine HALL, Plaintiff-Appellee,
v.
William F. BOLGER, in his capacity as Postmaster General of
the United States, Defendant-Appellant.
 No. 83-2541.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 8, 1985.
Decided Aug. 19, 1985.
 
 John H. Erickson, Leigh-Ann K. Miyasato, Erickson, Beasley & Hewitt, San Francisco, Cal., for plaintiff-appellee.
 Carlene V. McIntyre, Atty., Dept. of Justice, Washington, D.C., for defendant-appellant.
 Appeal from the United States District Court for the Northern District of California.
 Before SCHROEDER, NELSON, and REINHARDT, Circuit Judges.
 NELSON, Circuit Judge:
 
 
 1
 William F. Bolger, in his capacity as Postmaster General of the United States, appeals from the district court's order awarding attorney fees, enhanced by a 1.5 multiplier factor, plus interest on those fees, to appellee Geraldine Hall. While we affirm the district court's finding that an award of interest was appropriate, we must vacate that award so that the interest compounding method may be corrected. We also vacate the attorney fee award and remand for reconsideration in light of recent Supreme Court pronouncements.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 2
 Geraldine Hall applied in October 1978 for a job with the United States Postal Service ("USPS"), but was rejected because of her medical history. On appeal, USPS rescinded its finding of medical unsuitability, but its offer to restore Hall to the employment waiting list treated her as a new applicant and placed her behind hundreds of job seekers who had applied in the interim. When no action was taken on her June 26, 1981 formal administrative complaint with USPS on grounds of sex and handicap discrimination, Hall filed a complaint in district court on December 24, 1981 alleging discrimination by USPS by reason of her handicap, in violation of 29 U.S.C. Sec. 791 and 29 C.F.R. Sec. 1613.703. She sought employment, back pay and benefits, retroactive seniority, attorney fees, and costs.
 
 
 3
 Settlement negotiations occurred during the pretrial period. First, on December 22, 1982, USPS made an unconditional offer of employment to Hall, who accepted and began working on January 10, 1983. Then, in April 1983, the parties stipulated to a compromise settlement providing Hall with $25,000 in back pay (subject to tax and retirement deductions), a service computation date of December 27, 1980 (for purposes of leave, retirement, and layoff), and reasonable attorney fees, costs, and expenses.
 
 
 4
 When the parties could not agree on the precise amount of attorney fees, Hall's counsel submitted to the district court an application for an award of costs and reasonable attorney fees, pursuant to the settlement agreement. After a hearing, the district court, on August 23, 1983, awarded the full amount of the fee request ($38,178.75), plus postjudgment interest, at the rate of "10.25% per annum, compounded daily, in accordance with the Federal Courts Improvement Act of 1982," 28 U.S.C. Sec. 1961. The order was amended on September 1, 1983, to provide for $1,180.22 in costs.
 
 
 5
 The award of attorney fees included a basic "lodestar" amount of $25,452.50, computed by multiplying the applicants' suggested hourly rates times the number of hours which they claimed to have expended on Hall's claim, plus an additional enhancement of 50% ($12,726.25) because of both the results obtained in the litigation and the contingency fee basis on which counsel had agreed to represent Hall.
 
 
 6
 Bolger contends on appeal that the attorney fees award was unreasonable, and that the award of interest on those fees was barred by principles of sovereign immunity.
 
 STANDARD OF REVIEW
 
 7
 A district court's award of attorney fees is generally subject to an abuse of discretion standard of review on appeal. E.g., Jones v. Giles, 741 F.2d 245, 250 (9th Cir.1984). This standard applies "not only to the basic fee but also to multipliers." Harmon v. San Diego County, 736 F.2d 1329, 1331 (9th Cir.1984); see also Blum v. Stenson, 465 U.S. 886, ----, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984). However, any elements of legal analysis and statutory interpretation which figure in the district court's decision are reviewable de novo. See, e.g., Foster v. Tourtellotte, 704 F.2d 1109, 1111 (9th Cir.1983) (per curiam); see also Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983) (while the district court has discretion in making the equitable judgments involved in setting a fee award, this discretion "must be exercised in light of the [legal] considerations ... identified" by the Court).
 
 
 8
 We review de novo the district court's award of interest on the attorney fees, because the issue turns on sovereign immunity principles of law. See, e.g., Shaw v. Library of Congress, 747 F.2d 1469 (D.C.Cir.1984).
 
 DISCUSSION
 I. ATTORNEY FEES COMPUTATION
 
 9
 In computing the initial "lodestar" part of the fee award, the district court accepted Hall's figures concerning hours spent by counsel and suggested hourly fee rates. Apparently believing that the lodestar calculation should be based upon a consideration of the twelve factors listed in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir.1975), cert. denied sub nom. Perkins v. Screen Extras Guild, Inc., 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976), the district court factored into its lodestar not only the number of hours reasonably expended by counsel and reasonable hourly rates, but also other factors such as the complexity of the case and the contingent nature of the fee. It then adjusted the lodestar upward by 50% because the case "was taken on a contingency fee basis" and "the results obtained ... were excellent." Included was a summary recitation of the benefits obtained by Hall in the settlement agreement.
 
 
 10
 The law in this area "has grown so fast and become so complex that it has baffled the efforts of courts and lawyers to comprehend and apply it." Laffey v. Northwest Airlines, Inc., 746 F.2d 4, 11 (D.C.Cir.1984) (quoting Cutler, Forward to 1 M. Derfner & A. Wolf, Court Awarded Attorney Fees vii (1983) ), petition for cert. filed, --- U.S. ----, 105 S.Ct. 3488, 87 L.Ed.2d 622 (1985).
 
 
 11
 The Supreme Court has attempted in two recent opinions to impose some coherence on the diaspora of case law. Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Blum v. Stenson, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). Although these two cases concerned fees awarded under 42 U.S.C. Sec. 1988, their reasoning applies to the awards in the present case, which are authorized under 29 U.S.C. Sec. 794a(b) and 42 U.S.C. Sec. 2000e-5(k). See Hensley, 461 U.S. at 433 n. 7, 103 S.Ct. at 1939 n. 7 ("The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.' "); see also Jones v. Illinois Department of Rehabilitation Services, 689 F.2d 724, 730 n. 8 (7th Cir.1982) ("Section 794a fee awards are governed by the same considerations controlling in Sec. 1988 actions.").
 
 
 12
 We vacate the district court's award of attorney fees and remand for reconsideration in light of Hensley, Blum, and those recent decisions which have construed these authorities. We also emphasize that "[i]t remains important ... for the district court to provide a concise but clear explanation of its reasons for the fee award." Hensley, 461 U.S. at 437, 103 S.Ct. at 1941.
 
 
 13
 The district court should recompute the lodestar portion of the award and provide a more detailed account of how it arrives at appropriate figures for "the number of hours reasonably expended" and "a reasonable hourly rate." Blum, 465 U.S. at ----, 104 S.Ct. at 1544.
 
 
 14
 The upward adjustment (the multiplier) should also be reconsidered by the district court. If a fee enhancement is granted, the court should explain with particularity its reasons for finding that there are factors, not already subsumed within the initial lodestar calculation, see Hensley, 461 U.S. at 434 n. 9, 103 S.Ct. at 1940 n. 9, which support a conclusion that Hall has achieved the "exceptional success" which makes hers one of the "rare case[s] in which an upward adjustment to the presumptively reasonable fee of rate times hours is appropriate...." Blum, 465 U.S. at ----, 104 S.Ct. at 1548, 1550 n. 18.
 
 II. INTEREST
 A. Assessment
 
 15
 We find that the district court's addition of postjudgment interest to its award of attorney fees was not barred by principles of sovereign immunity. While the United States enjoys a broad general sovereign immunity from interest on judgments entered against it, Congress may expressly waive this immunity. See, e.g., Shaw v. Library of Congress, 747 F.2d 1469, 1475 (D.C.Cir.1984) (citing cases); Arvin v. United States, 742 F.2d 1301, 1302 (11th Cir.1984). And Congress has waived this immunity, with respect to awards of postjudgment interest against USPS, by way of 39 U.S.C. Sec. 401(1), which provides that the Postal Service may "sue and be sued in its official name." Milner v. Bolger, 546 F.Supp. 375, 381 (E.D.Cal.1982); White v. Bloomberg, 501 F.2d 1379, 1386 (4th Cir.1974); Cross v. United States Postal Service, 733 F.2d 1327, 1332 (8th Cir.1984) (en banc) (Arnold, J., dissenting) (equally divided court), cert. denied, --- U.S. ----, 105 S.Ct. 1750, 84 L.Ed.2d 815 (1985). But see id. at 1329-30 & n. 3 (refusing to apply 39 U.S.C. Sec. 401(1) because underlying cause of action arose under Title VII).
 
 
 16
 Section 401(1) constitutes a broad waiver of USPS's sovereign immunity, and subjects it to "liability ... the same as any other business." Franchise Tax Board v. United States Postal Service, --- U.S. ----, ----, 104 S.Ct. 2549, 2554, 81 L.Ed.2d 446 (1984). USPS "is not less amenable to judicial process than a private enterprise under like circumstances would be," FHA v. Burr, 309 U.S. 242, 245, 60 S.Ct. 488, 490, 84 L.Ed. 724 (1940), quoted in Franchise Tax Board, --- U.S. at ----, 104 S.Ct. at 2553, and it is subject by virtue of the "sue and be sued" clause to all "the natural and appropriate incidents of legal proceedings." Reconstruction Finance Corp. v. J.G. Menihan Corp., 312 U.S. 81, 85, 61 S.Ct. 485, 487, 85 L.Ed. 595 (1941).
 
 
 17
 Bolger's arguments in support of USPS immunity to postjudgment interest awards are without merit. He contends that the Judiciary and Judicial Procedure code's general interest provision, 28 U.S.C. Sec. 1961, does not constitute an all-encompassing waiver of United States immunity to liability for interest. But the absence of a global waiver is of no consequence, because we find that in another statute, 39 U.S.C. Sec. 401(1), Congress has authorized USPS in particular to pay interest on judgments. In addition, the cases from the Court of Claims which Bolger urges us to follow, e.g., Coley Properties Corp. v. United States, 593 F.2d 380 (Ct.Cl.1979), are not apposite; litigation in that forum must conform to a special interest-restricting statute, 28 U.S.C. Sec. 2516(a), which does not bind us in the present case. We uphold the district court's determination that an award of interest was appropriate.
 
 B. Computation
 
 18
 The district court added interest "in the amount of 10.25% per annum, compounded daily, in accordance with the Federal Courts Improvement Act of 1982," 28 U.S.C. Sec. 1961. Because section 1961(b) provides that interest "shall be compounded annually" and not daily, the interest compounding provision should be corrected in the new district court order concerning attorney fees and costs which will issue on remand.
 
 CONCLUSION
 
 19
 We vacate the district court's order awarding attorney fees, and remand for reconsideration and more detailed explanation in light of recent Supreme Court precedent. We also vacate that part of the judgment awarding interest on the attorney fees award, but only so that the district court may correct the provision for compounding interest.
 
 
 20
 VACATED and REMANDED.