**Eula WILLIAMS, Plaintiff,**

v.

**MARRIOTT CORPORATION, Defendant.**

**Civ. A. No. 78–247.**

United States District Court, District of Columbia.

May 27, 1987.

---

Joel P. Bennett, Washington, D.C., for plaintiff.

John F. Sherlock, III, Washington, D.C., for defendant.

## MEMORANDUM ORDER

JOHN GARRETT PENN, District Judge.

The plaintiff filed this action pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* After a trial the Court entered judgment for the plaintiff granting much, if not all, of the relief she requested. Thereafter, pursuant to the ADEA, the plaintiff sought an award for attorney's fees and costs. *See* 29 U.S.C. § 626(b). She states that the parties discussed the matter to determine whether their differences on the amount of fees could be settled and when an agreement could not be reached, she moved for an award of attorney's fees and costs.

In her motion, the plaintiff represents that her attorney, Walter C. Wallace, calculated his fee at $75.00 per hour. He states that the total hours worked amount to 551½ resulting in a total "lodestar" figure

**4**

of $41,362.50. In addition, the plaintiff requests an upward adjustment of 50 percent for risk of nonpayment and 50 percent for delay in payment, or a total adjustment of 100 percent making for a total request for fees in the amount of $82,725.00. In addition, the plaintiff requests an award for costs in the amount of $1,576.02, making for a total award for attorney's fees and costs in the amount of $84,301.02.

The defendant objects to an award in the above amount. It does not oppose the proposed award for costs, does not oppose an award for attorney's fees, does not seriously object to the lodestar of $75.00 per hour but, does oppose an award based on 551½ hours and also opposes an award which would include an upward adjustment.

■ "Any fee-setting inquiry begins with the "lodestar": the number of hours reasonably expended multiplied by a reasonable hourly rate. The figure generated by that computation is the basic fee from which a trial court judge should work." *Copeland v. Marshall*, 205 U.S.App.D.C. 390, 401, 641 F.2d 880, 891 (1980). *See also, Murray v. Weinberger*, 239 U.S.App. D.C. 264, 741 F.2d 1423 (1984); *National Association of Concerned Veterans v. Secretary of Defense*, 219 U.S.App.D.C. 94, 675 F.2d 1319 (1982). Here, the defendant does not really dispute the hourly fee claimed by counsel for the plaintiff although it does state that plaintiff's counsel has submitted no evidence of his customary rate or that the $75.00 rate was actually charged by others. Plaintiff's counsel has filed an affidavit responding to that issue. He states that his customary rate for legal services during the period worked in this case, namely 1977 until and including 1980, was $75.00 per hour. He also states that his current market rate would be between $150 to 175 per hour. Based upon the affidavit and the amount of the hourly rate charged, the Court is satisfied that $75.00 is a reasonable hourly rate. Thus, that portion of the "lodestar" is settled; he is entitled to receive $75.00 per hour.

■ Defendant argues that the total hours charged for the prosecution of this case is excessive, and it suggests that the Court should limit that amount to 200 hours which defendant feels is reasonable under the facts of this case. Defendant bases its argument, in part, on *Harmon v. San Diego County*, 736 F.2d 1329 (9th Cir.1984). In *Harmon*, the plaintiff brought an action pursuant to Title VII of the Civil Rights Act of 1964 and, after prevailing, requested an award of fees in the amount of $98,562.18, including a 1.75 multiplier, and costs in the amount of $6,721.39. After a hearing, the District Court awarded the plaintiff $15,000 in attorney's fees and $724.17 in costs. The appellate court noted that the trial court reviewed the application for fees and costs and concluded that 454.2 hours was unreasonable in that case and made a determination that "any time in excess of 200 hours was frivolously spent." 736 F.2d at 1331. Defendant argues that this Court should do the same and that, based upon the nature of the case and the limited issues involved, the Court should set a limit of 200 hours as reasonable, and make its award based upon that figure.

This Court declines to accept defendant's suggestion. Each case is different and each case must be judged on its own facts. Moreover, the Court does not have the benefit of the trial court's opinion in *Harmon* and therefore cannot make a valid comparison of the facts there with those in the instant case. Additionally, there is a danger in suggesting to litigants in discrimination suits that they have a limited amount of time alloted to put their case together and present it for trial. This is especially true where the plaintiff does not have total control over the litigation. For example, the actions of the defendant may very well delay the proceedings and require the plaintiff to expend additional time in attempting to obtain evidence which plaintiff may feel is necessary. And, as counsel in this case has pointed out, it is not enough to measure an attorney's work load by what is actually filed in court because based upon a tactical decision, although counsel may be prepared to file additional material, he may decline to do so for any number of reasons. The fact that counsel

may charge an hour for the preparation of a two page letter is not necessarily indicative of the time and research expended in preparing the letter. For all of these reasons, the Court concludes that it would be unfair to set some arbitrary figure and the "reasonable" time necessary to prepare a case for trial and, accordingly, the Court rejects the argument that it should allot plaintiff 200 hours for the preparation of this case.

Defendant argues next that the time charged for specific items performed by counsel is unreasonable. In support of this argument, the defendant challenges 22 separate items of work performed by plaintiff's counsel and seeks to demonstrate that counsel either overcharged for that work, or used an unusual amount of time to complete his task. Defendant's Memorandum in Response to Motion for Attorney's Fees and Costs at Part II. At first glance, defendant's point appears to be well taken with respect to some of the items claimed by plaintiff's counsel. But, as this Court has noted above, while it may take only five minutes to dictate, review and sign a letter, the actual preparation of that letter may consume more time based upon counsel's consideration of what the letter should or should not contain. That may be a tactical decision, and unless the Court can find that the time is clearly unreasonable, the claim should be allowed.

In response to the defendant's itemized attack on his claim, plaintiff's counsel filed a lengthy and detailed affidavit consisting of 36 pages. He addresses each of the 22 items objected to by the defendant. In the view of this Court, he has adequately explained each of the items, and the time used thereon. The one item that raised some concern was item 20 in which plaintiff's counsel claimed 34.5 hours for preparation of responses to defendant's interrogatories relating to the expert witness plaintiff intended to call at trial. The response prepared by plaintiff's counsel is detailed and complete. He sets forth the 12 opinions the expert expected to express during the trial and additionally sets forth, by reference to the depositions of defendant's witnesses, those facts upon which he bases his opinion. *See* Defendant's Opposition Exhibit DD. These answers were not volunteered by plaintiff, but were given in response to interrogatories propounded by defendant which required detailed responses. After reviewing defendant's interrogatories, plaintiff's responses thereto, and the supporting affidavit filed by Mr. Wallace, the Court cannot say that the claimed hours are unreasonable.

After carefully reviewing Part II of defendant's opposition and the responses thereto, the Court concludes that the defendant's objections are not well taken and that the time expended by plaintiff's counsel was reasonable.

Another issue raised by defendant is whether the plaintiff is entitled to recover counsel fees for her attorney's services relating to her unemployment compensation claim. The amount involved is relatively small, approximately $806.25. While it is true that she did not prevail on this claim, the plaintiff's attorney sets forth the reasons why he felt it was necessary to pursue this claim in relation to plaintiff's discrimination action. He correctly notes that one of the issues in the discrimination case was whether she voluntarily took leave of her job at the defendant's restaurant. She contended throughout that she did not and she ultimately prevailed on that issue before this Court. As her counsel notes, this issue must be judged on the state of the law in 1977. At that time he felt it was necessary to pursue the unemployment compensation claim in order to protect her rights. *See* Wallace affidavit at 3–8. Under the circumstances, the Court concludes that this portion of the claim is proper and the claim will be allowed.

The final issue before the Court is whether it should allow for an upward adjustment in the fee award. As the Supreme Court has noted: "Where a plaintiff has obtained excellent results, [her] attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exception-

al success an enhanced award may be justified." *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983). But this does not mean that an attorney is entitled to an upward adjustment as a matter of course, or simply because the action involves a claim of discrimination. The ultimate issue is whether enhancement is necessary in order to provide fair and reasonable compensation. *Blum v. Stenson,* 465 U.S. 886, 901, 104 S.Ct. 1541, 1550, 79 L.Ed.2d 891 (1984). Where there is a request for enhancement, the plaintiff has the burden of demonstrating that her attorney is entitled to an upward adjustment.

■ Here, counsel for the plaintiff seeks an upward adjustment for risk of nonpayment and delay in payment. He seeks a fifty percent adjustment for each.

In this circuit, the guidelines for making adjustments are set forth in *Murray v. Weinberger, supra.* With respect to the risk of nonpayment, the *Murray* court noted that, "[t]he upward adjustment is not proper when: (1) the lodestar itself comprehends an allowance for the contingent nature of fee payment; or (2) the fee applicant bore little or no risk of nonpayment because of a fee arrangement with the client; or (3) the case is not exceptional within the meaning of *Blum v. Stenson.*" 239 U.S.App.D.C. at 272, 741 F.2d at 1431.

The facts in this case differ from those in *Murray.* Here, Mr. Wallace entered into a contingent fee arrangement with the plaintiff and was not entitled to recover fees unless he was successful. In *Murray,* both attorneys had arrangements which guaranteed payment of at least a portion of the fees regardless of the outcome of the case. *Id.* Moreover, the risk of nonpayment in this case was not the same as in the average case on the relevant market. *Id.* The plaintiff's claim was not an easy one. She was attempting to convince the trier of fact that she was the victim of discrimination. While it is true that there had been a statement referring to her age, that was not given as the reason for her transfer to another dining room. Moreover, this was a case where one could argue, and indeed defendant did argue, that the transfer was much to do over nothing. It was suggested that the plaintiff's complaint was nothing more than an argument over status because it was generally felt among the dining room employees that one who worked in the Executive Dining Room was entitled to a higher status than one working in the regular dining room. Her pay was not reduced, although the transfer did reduce her chances for overtime. The plaintiff's version of the facts was opposed by the chef, a gentleman who had been trained in France. This was not the case where there had been a clear adverse action, such as a reduction in pay, a failure to promote, or a discharge in employment. Unlike the usual discrimination suit, plaintiff was required to demonstrate that she had suffered some adverse action as the result of the transfer.

The above facts satisfy this Court that the risk of nonpayment in this case was greater than the risk of nonpayment in the average .case in the relevant market. In this regard, this is an exceptional case and the result that counsel obtained was also exceptional.

Weighing the above factors, the Court concludes that plaintiff's counsel is entitled to a upward adjustment for the risk of nonpayment. That risk is not reflected in the $75.00 hourly rate charged by Mr. Wallace. The Court must part company with plaintiff, however, on the question of the amount of the adjustment for this category. Plaintiff seeks 50 percent, the Court concludes that a 25 percent adjustment is fair and reasonable.

■ Plaintiff also seeks an upward adjustment for delay in payment. Here, "the court should determine whether the hourly rates incorporated into the lodestar figures for plaintiff's attorney[ ] contain increments for the delay in payment that was expected in this case." *Murray, supra,* 239 U.S.App.D.C. at 273, 741 F.2d at 1422. Plaintiff's counsel alleges that his current rates would range between $150 to $175, but offers no further support for those figures. The Court concludes that the $75.00 hourly rate did not reflect an adjust-

ment for delay in payment. This determination is made based upon the rate charged by Mr. Wallace, $75.00 which was certainly reasonable and the length of time he has had to wait for payment.

The Court concludes that an upward adjustment is proper under the facts of this case. Once again, the Court parts company with the plaintiff as to the amount of the adjustment. Plaintiff seeks an upward adjustment of 50 percent, the Court concludes that an upward adjustment in the amount of 15 percent is reasonable.

In sum, the Court holds that plaintiff is entitled to recover the full amount of the costs claimed, $1,576.02. The Court holds further that the hourly rate of $75.00 is reasonable and that the time claimed, 551.5 hours is reasonable. Thus plaintiff is entitled to a basic attorney's fee award of $41,362.50. Finally, the Court concludes that the fee award should be enhanced by a 25 percent upward adjustment for the risk of nonpayment, that figure being $10,-340.63, and a 15 percent upward adjustment for delay in payment, that figure being $6,204.38. The total award for attorney's fees and costs, including the upward adjustments amounts to $59,483.53. Judgment will be entitled in favor of the plaintiff in the above amount.

It is hereby

ORDERED that plaintiff's motion for an award for attorney's fees and costs is granted, and it is further

ORDERED that judgment is entered in favor of the plaintiff against the defendant in the amount of $59,483.53, representing a award for attorney's fees and costs in this action.