Environamics v. Thelco                    CV-96-068-M    05/28/99

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Environamics Corporation,
     Plaintiff

     v.                                    Civil No. 96-68-M

Thelco Corporation,
     Defendant


## O R D E R


Following this court's order granting Thelco's and denying Environamics' motion for judgment on the verdict, Environamics filed a renewed motion for judgment as a matter of law or for a new trial.  For the following reasons, Environamics' motion is denied.

On November 20, 1998, the jury returned its verdict in this case along with answers to special verdict questions.  The jury found for Environamics on its breach of contract claim and on Thelco's counterclaims for breach of the implied contractual duty of good faith and fair dealing and for unfair or deceptive trade practices.  The jury found for Thelco, however, on its counterclaim for negligent misrepresentation.  The jury's damage award on Environamics' breach of contract claim read as follows:

> return of unsold stock to Environamics plus a
> restocking fee of 15% plus return freight plus 1.5% per
> month interest on unpaid invoices from 1st invoice due
> date until initiation of litigation plus invoice price
> for 2 sold pumps.

In its renewed motion for judgment as a matter of law or for a new trial, Environamics insists that it should have been awarded the full contract price.

Environamics first says that the court should have entered, and should now enter, judgment as a matter of law on its "action for price" because it was undisputed that Environamics delivered and Thelco accepted the inventory, and the parties stipulated to the contract price of the inventory plus contractual interest.

Environamics asserts that it moved for judgment as a matter of law under N.H. Rev. Stat. Ann. §§ 382-A:2-607 and 382-A:2-709 at the end of Thelco's case. The court's review of the record, however, reveals that Environamics' oral motion for directed verdict at the close of Thelco's case related primarily to Thelco's counterclaims, and then raised a general argument to the effect that "we think that there's no evidence that a reasonable jury could find other tha[n] that there was an obligation to pay and that obligation has been breached." (Tr. Nov. 19, 1998.)[1] Having failed to raise these arguments in a motion for judgment as a matter of law prior to the jury's retiring, Environamics cannot now raise them in a post-verdict motion for judgment as a matter of law. See, e.g., Mayo v. Schooner Capital Corp., 825 F.2d 566, 572 (1st Cir. 1987) (footnote omitted)("We have held,

---

[1]Following that statement, Environamics asked the court to enter judgment in its favor because "failure to pay on the invoices as they came due starting in February of 1995 was a material breach of the contract, that was the first material breach of the contract and it excused any further performance by Environamics under that contract." (Tr., Nov. 19, 1998.) Again no mention was made of § 2-607 or § 2-709.

pursuant to Federal Rule of Civil Procedure 50(b), that a party may not be awarded judgment notwithstanding the verdict on a ground that was not previously included in a motion for directed verdict at the close of all the evidence.").

Environamics next argues that the court's view that the verdict is consistent is simply wrong and judgment should be entered for Environamics on the special verdicts. That argument was fully considered in connection with Environamics' motion for entry of judgment. There is a credible view of the case, as described in the court's December 3, 1998, order, that harmonizes the jury's answers to the special verdict questions with the general verdict. That Environamics can posit a different view, in which the verdicts are inconsistent, is of no moment. Seventh Amendment considerations require the court to construe the verdicts in a consistent manner if that can be done. See Atlantic and Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 364 (1962). See also Mashpee Tribe v. New Seabury Corp., 592 F.2d 575, 590 (1st Cir. 1979) (quoting same).

Finally, Environamics argues that the jury should have been instructed, in accordance with § 2-709 of the Uniform Commercial Code ("UCC"), see N.H. Rev. Stat. Ann. 382-A:2-709 (1994), that the correct measure of Environamics' damages on its breach of contract claim was the contract price. Environamics did not, however, request an instruction based on RSA 382-A:2-709. The instruction Environamics actually requested reads as follows:

> In New Hampshire, sales of goods, like the ones at
> issue here, are governed by the Uniform Commercial

3

Code.  A buyer of goods must pay at the contract rate for any goods [accepted by] it.  Accordingly, the Defendant must pay at the contract rate for any goods accepted and not rejected.  RSA 382-A:2-607(1), 602.

Moreover, even if failure to give the requested instruction constituted error, Environamics would only be entitled to a new trial "if the error affected its substantial rights." Cheshire Medical Center v. W.R. Grace & Co., et al., 853 F. Supp. 564, 568 (D.N.H. 1994), aff'd, 49 F.3d 26 (1st Cir. 1995).[2]  Environamics argues that "even if Thelco had a right to return under the Distributor Agreement, and even if this right survived Thelco's breach, Thelco's enforcement of any violation of that alleged contractual right should have been separate and distinct from Thelco's liability for the contract price."  (Pl. Br. at 7-8.) In support of its position, Environamics cites a number of cases standing for the general propositions that a buyer's separate claims for damages against the seller - based, for example, on defects in the goods - do not constitute a defense to an action for payment and will not preclude summary judgment for the seller on its action for the contract price of the goods.  See, e.g., J.L. Clark Mfg. Co. v. Gold Bond Pharm. Corp., 669 F. Supp. 40, 43 (D.R.I. 1987); Computer Sys. Eng'g, Inc. v. Qantel Corp., 571

_____

[2]Environamics effectively preserved this issue when it made the following objection after the jury was instructed but before it retired to deliberate, even though the objection did not specifically mention § 2-709: Environamics "[r]equest[s] instruction on damages, because this is an act[ion] for the price and there is no dispute at this point what the price is, that if the jury does find for the plaintiff on the breach of contract issue that it should be instructed that it should return a value that we had stipulated to and we have submitted to them."  (Tr., Nov. 20, 1998.)

4

F. Supp. 1379, 1380-81 (D. Mass. 1983), aff'd, 740 F.2d 59 (1st Cir. 1984). However, the cases do not support overturning the verdict of a jury that, having before it both seller's claim for price and buyer's claim of right under the contract to return the goods for credit, necessarily offset the two.

Precedent relied on by Environamics recognizes that although UCC § 2-607 requires a buyer who has accepted goods to pay the contract price for them, the final judgment against the buyer in an action for price will reflect any setoffs the buyer may be entitled to on its counterclaims, if any. See Cigarrera La Moderna, S.A., de C.V. v. Inventory Management Consultant Group, Ltd., 1998 WL 419460, at *4 (D.N.J. July 20, 1998). Thus, even if the case had been presented to the jury in the manner Environamics presses (i.e., with an instruction that Environamics was entitled to recover the price of goods Thelco accepted, and a separate instruction asking the jury to determine whether Thelco had the right under the contract to return the goods for credit), the jury would have reached the same result. Environamics has not shown that the instructions given, even if erroneous, affected its substantial rights. Therefore, it is not entitled to a new trial.

Nor is the court persuaded by Environamics' argument that because the jury failed to award it the full contract price, the jury must have been confused or misled. The jury's verdict is entirely consistent with a finding that although Thelco did initially owe Environamics the contract price for the goods, it

5

was also entitled under the contract to return those goods for credit, a right of return pressed by Thelco but wrongly denied by Environamics.  Environamics has not shown that the jury was either confused or misled.

For the foregoing reasons, Environamics' renewed motion for judgment as a matter of law or new trial (document no. 80) is denied.


**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

May 28, 1999

cc:  Michael C. Harvell, Esq.
     Laurin D. Quiat, Esq.
     Rosemary A. Macero, Esq.