**MW BUILDERS, INC., a Missouri corporation; et al., Plaintiffs—Appellees,**

v.

**SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation; et al., Defendants—Appellants,**

and

**Elliott, Powell, Baden & Baker, Inc., an Oregon corporation; et al., Defendants,**

**Safeco Insurance Company of America; et al., Plaintiffs-third-party-plaintiffs,**

v.

**St. Paul Fire & Marine Insurance Company, Defendant-third-party-defendant.**

**MW Builders, Inc., a Missouri corporation; et al., Plaintiffs—Appellees,**

v.

**Safeco Insurance Company of America, a Washington corporation; et al., Defendants—Appellants,**

and

**Elliott, Powell, Baden & Baker, Inc., an Oregon corporation; et al., Defendants,**

**Safeco Insurance Company of America; et al., Plaintiffs-third-party-plaintiffs,**

v.

**St. Paul Fire & Marine Insurance Company, Defendant-third-party-defendant.**

Nos. 05–35841, 06–35832.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007 *.

Filed Feb. 15, 2008.

See also, 2005 WL 387122.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lory R. Lybeck, Esq., James Paul Murphy, Esq., Lybeck Murphy, Mercer Island, WA, for Plaintiffs–Appellees.

Todd S. Baran, Esq., Portland, OR, for Defendants–Appellants.

Christopher T. Carson, Esq., Jill Schneider, Esq., Kilmer, Voorhees & Laurick, George S. Pitcher, Erika J. George, Esq., Williams, Kastner & Gibbs, PLLC, Portland, OR, for Defendants.

William G. Earle, Abbott, Davis, Rothwell, Mullin & Earle, P.C., Portland, OR, for Defendant-third-party-defendant.

Before: O'SCANNLAIN, GRABER, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Defendants Safeco Insurance Company of America and affiliates (collectively referred to as "Safeco") appeal the judgments in favor of MW Builders, Inc., and its subrogated insurer (collectively referred to as "MW Builders"). We review *de novo* a district court's rulings on summary judgment motions. *Caliber One Indem. Co. v. Wade Cook Fin. Corp.*, 491 F.3d 1079, 1082 (9th Cir.2007). The facts are known to the parties and need not be repeated here.

■■■ We begin with Safeco's challenge to MW Builders' claim that it is entitled to coverage under Safeco's commercial general liability ("CGL") policies. The CGL policies limit coverage to "property damage" caused by an "occurrence." For a claim of faulty workmanship to give rise to "property damage," a claimant must demonstrate that there is damage to property separate from the defective property itself. *Oak Crest Constr. Co. v. Austin Mut. Ins. Co.*, 329 Or. 620, 998 P.2d 1254, 1258 (2000). The CGL policies define the term "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Although the policies do not define the term "accident," the Oregon Supreme Court has stated that an "accident" is an act "that happened by chance, without design and contrary to intention or expectation." *St. Paul Fire & Marine Ins. Co. v. McCormick & Baxter Creosoting Co.*, 324 Or. 184, 923 P.2d 1200, 1213 (1996) (internal quotation marks omitted). We find that the damages that occurred to the Candlewood Suites Hotel ("Hotel") as a result of the faulty installation of an exterior insulation and finishing system ("EIFS") by Portland Plastering—rather than any damages associated with the actual replacement of the EIFS—satisfy these criteria. Therefore, we affirm the district court's decision that MW Builders' claim is covered under the CGL policies.[1]

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The district court also correctly ruled that the CGL policies do not include any exclusion that would bar MW Builders' claim. The contractual liability exclusion does not apply because the subcontract between MW Builders and Portland Plastering is an "insured contract" where Portland Plastering "assume[d] the tort liability of another party to pay for 'bodily injury' or 'property damages.' "

We also conclude that the work product exceptions—which prevent liability policies from insuring against an insured's faulty

Having found that Safeco is obligated under the CGL policies to provide coverage for the damages to the Hotel, but not for the repair of the EIFS, we next turn to the district court's award of damages. The district court awarded MW Builders $620,000 based on the arbitrator's findings that Portland Plastering was thirty-one percent liable for MW Builders' $2 million settlement with Larkspur. However, the arbitrator's findings do not partition this award into those costs associated with the damage to the Hotel and those costs associated with the replacement of the faulty EIFS. Accordingly, because only the costs associated with the damage to the Hotel are recoverable under the CGL policies, we must remand this issue to the district court to make such a determination in the first instance.

The district court also made three separate awards of attorneys' fees and costs to MW Builders. We review for abuse of discretion the district court's award of fees and the amount of fees. *Chalmers v. City of L.A.,* 796 F.2d 1205, 1210 (9th Cir.1986). "However, any elements of legal analysis ... are reviewable *de novo.*" *Hall v. Bolger,* 768 F.2d 1148, 1150 (9th Cir.1985).

The district court awarded MW Builders $70,934.30 for attorneys' fees and costs expended in its defense of the Larkspur suit and $214,610 in attorneys' fees and costs generated in the resulting arbitration proceeding. We find these awards were proper under the "insured contract" provision of the CGL policies. In a supplemental judgment, the district court also awarded MW Builders $279,460 in attorneys'

fees and $7,158.43 in costs incurred in the underlying action before the district court. We find that this award, which is the subject of Safeco's second appeal, was proper under Oregon Revised Statutes section 742.061. *Jazzabi v. Allstate Ins. Co.,* 278 F.3d 979, 981 n. 3 (9th Cir.2002).

Finally, we find two additional issues that require the district court to conduct further factual development: (1) whether MW Builders is entitled to coverage under the CGL policies as an "additional insured," and (2) whether coverage is limited under the CGL policies to a single $500,000 occurrence. The district court failed to consider whether, as an "additional insured," MW Builders was entitled to coverage for damages occurring during the policy periods that were caused by Portland Plastering's "ongoing operations."[2] The district court also failed to consider whether MW Builders' coverage under the CGL policies was limited to a single $500,000 coverage limitation for an occurrence. Therefore, we must remand these issues to the district court.

Accordingly, the district court's order is AFFIRMED in part, REVERSED in part, and REMANDED. The parties shall bear their own costs.

workmanship—do not bar recovery for repairing the water damage to the Hotel.

The district court also correctly held that the indemnity agreement in the Subcontract was not void under Oregon Revised Statutes section 30.140 because the agreement requires Portland Plastering to indemnify MW

Builders for Portland Plastering's own negligence rather than MW Builders' negligence.

2. We note that, in light of this court's ruling, MW Builders may not wish to pursue this alternative form of liability.