580 F.2d 1006
 CHINESE FOR AFFIRMATIVE ACTION, San Francisco Council,
League of United Latin American Citizens, Lue She Tom, Tak
Lan Chan Huey, Rose Yuen, Nilsa M. Matos and of themselves
and those similarly situated, Appellants,
v.
Lawrence J. LEGUENNEC, Individually and in his official
capacity as Registrar of Voters, et al., Appellees.
 No. 76-1517.
 United States Court of Appeals,
Ninth Circuit.
 Aug. 25, 1978.
 
 Peter B. Sandman (argued), of Legal Aid Society, San Francisco, Cal., for appellants.
 Judith L. Teichman, Deputy City Atty. (argued), San Francisco, Cal., for appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before GOODWIN and HUG, Circuit Judges, and PALMIERI*, District Judge.
 GOODWIN, Circuit Judge:
 
 
 1
 Chinese and Spanish American minority plaintiffs appeal the dismissal without prejudice of their complaint seeking declaratory and injunctive relief for alleged violations of their rights under the Voting Rights Act Amendments of 1975, 42 U.S.C. § 1973 Et seq.
 
 
 2
 The complaint alleged that the City of San Francisco failed to meet the requirements of the Act in city elections in November and December of 1975. Plaintiffs assert: (1) no action had been taken to provide voter registration materials and voter affidavits in any language other than English; (2) no multilingual ballots or voting machines were provided; (3) an unequal burden was placed on language-minority voters who desired election information.
 
 The Act, in pertinent part, provides:
 
 3
 "Prior to August 6, 1985, no State or political subdivision shall provide registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots, only in the English language if the Director of the Census determines (i) that more than 5 percent of the citizens of voting age of such State or political subdivision are members of a single language minority and (ii) that the illiteracy rate of such persons as a group is higher than the national illiteracy rate. * * * " 42 U.S.C. § 1973aa-1a(b).
 
 
 4
 On September 3, 1975, the Director of the Census designated San Francisco as a political subdivision covered by § 1973aa-1a(b). On October 21, 1975, appellants filed their complaint.
 
 
 5
 The district court dismissed the action from the bench "as premature", adding that there was "no indication that the defendants are acting other than in good faith". The dismissal was based on the court's belief that the city was entitled to reasonable time to meet the requirements of the newly-enacted amendments.
 
 
 6
 The determination, in early September, that the city was subject to § 1973aa-1a(b) left the city only a few days in which to make the contracts and accomplish the changes necessary to modify its election procedures to comply with the Act before the November elections. However, shortage of time will not necessarily shield election officials from the diligent assertion of rights under the Act. It is Congress's intention to eradicate voting discrimination with all possible speed. Briscoe v. Bell,432 U.S. 404, 410, 97 S.Ct. 2428, 53 L.Ed.2d 439 (1977). The law imposes a duty on parties having grievances based on discriminatory practices to bring their complaints forward for preelection adjudication. Toney v. White, 488 F.2d 310, 314 (5th Cir. 1973). Therefore, the complaint was not "premature", even though it may have been highly inconvenient. The city could have been protected by the conditions of any injunction from unreasonable or impossible burdens.
 
 
 7
 The city describes the district court's dismissal of the complaint on the grounds of good faith as "eminently reasonable". While good faith has an abstract element of equity about it, and may be a defense under some circumstances to an action brought under civil rights acts for Damages, it is not a bar to an action for injunctive and declaratory relief. Eslinger v. Thomas, 476 F.2d 225 (4th Cir. 1973). Moreover, the good-faith defense is available only to the extent that the common law action based on the parallel tort so provides. Williams v. Gould, 486 F.2d 547 (9th Cir. 1973). Because a federal claim based on a denial of voting rights has no deep common law roots, there is no well-defined common law defense of good faith to such a claim. Since good faith is not a defense to the violations alleged in this case, dismissal of the complaint on the ground of good faith was error.
 
 
 8
 The city now asserts that actions taken since 1975 in regard to election procedures have rendered the case moot or "about to become moot". This action might indeed be considered moot if subsequent events have made it clear that the alleged violations could not reasonably be expected to recur. But the record before us sheds no light on the problem, and the city's own statement of mootness cannot support an affirmance on that ground. United States v. Concentrated Phosphate Export Association, Inc., 393 U.S. 199, 89 S.Ct. 361, 21 L.Ed.2d 344 (1968). The dispute over the elections of November and December 1975 is now moot, but the sufficiency of the city's current compliance with the Act is, or may be, a live, justiciable controversy "capable of repetition, yet evading review". Southern Pacific Terminal Co. v. ICC,219 U.S. 498, 515, 31 S.Ct. 279, 283, 55 L.Ed. 310 (1911), Quoted in Moore v. Ogilvie, 394 U.S. 814, 816, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969). Only a trial court can answer the relevant questions.
 
 
 9
 Finally, both parties seek attorneys' fees. Title 42 U.S.C. § 1973L (e) permits this court, in its discretion, to allow attorneys' fees to the "prevailing party" in "any action to enforce the voting guarantees of the fourteenth and fifteenth amendment".
 
 
 10
 No issue on the merits has been finally determined in favor of any party. Any award of attorneys' fees can await the outcome of the action in the district court. When the prevailing party has been determined, the district court may consider in any award of attorneys' fees the effort expended in the appeal by the attorneys for the party that ultimately prevails.
 
 
 11
 Vacated and remanded.
 
 
 
 *
 The Honorable Edmund L. Palmieri, United States District Judge for the Southern District of New York, sitting by designation