737 F.2d 1253
 SOCIETY FOR GOOD WILL TO RETARDED CHILDREN, INC., Russell
Cohen, by his natural father Milton Cohen, Audrey Rothstein,
by her natural mother Paula Rothstein, Donald William
Fearing, by his natural father George Fearing, Susan
Feibusch, by her natural father Philip Feibusch, Lisa
Gorelick, by her natural mother Leila Gorelick, Lynn N.
Schenk, by her natural mother Mildred Schenk, Henry F.
Segal, by his natural father David H. Segal, Susan L.
Meehin, by her natural father Milton Meehin, Robert
Cunningham, by his natural father Charles Cunningham,
Nicholas Colacioppo, by his natural mother Beatrice
Colacioppo, Thomas H. Czerniewicz, by his natural father
John Czerniewicz, Christopher M. Verdino, by his natural
father Rudolph Verdino and Barbara L. Karp, by her natural
mother Mildred Karp, on behalf of themselves and all those
similarly situated, Plaintiffs-Appellees-Cross-Appellants,
v.
Mario M. CUOMO, as Governor of the State of New York, Thomas
A. Coughlin, III, individually and as Commissioner of the
Office of Mental Retardation and Developmental Disabilities,
Jennifer L. Howse, individually and as Associate
Commissioner of the Office of Mental Retardation and
Developmental Disabilities and Alan R. Sutherland,
individually and as Acting Director of the Suffolk
Developmental Center, Defendants-Appellants-Cross-Appellees.
 Nos. 1039, 1136, Dockets 83-9047, 83-9057.
 United States Court of Appeals,
Second Circuit.
 Submitted April 11, 1984.
Decided June 14, 1984.
 
 Robert Abrams, Atty. Gen., State of N.Y., Melvyn R. Leventhal, Deputy First Asst. Atty. Gen., Frederick K. Mehlman, Caren S. Brutten, Asst. Attys. Gen., State of N.Y., New York City, for defendants-appellants-cross-appellees.
 Murray B. Schneps, Michael S. Lottman, New York City, Herbert B. Newberg, Philadelphia, Pa., for plaintiffs-appellees-cross-appellants.
 Before MESKILL, PIERCE and PRATT, Circuit Judges.
 PER CURIAM:
 
 
 1
 On August 10, 1983, the United States District Court for the Eastern District of New York, Weinstein, C.J., entered a memorandum and order in this class action. 572 F.Supp. 1300 (E.D.N.Y.1983). Basing its decision on New York state law and the federal Constitution, the court found that the defendant officials of the State of New York had maintained living conditions at the Suffolk Developmental Center (SDC) that failed to meet statutory and constitutional standards. It ordered extensive changes in the operations and facilities at SDC and the community placement of 400 SDC residents by 1987.
 
 
 2
 In Society for Good Will to Retarded Children, Inc. v. Cuomo, 737 F.2d 1239 (2d Cir.1984), we vacated the district court's order. We held that parts of the order could not be justified on federal constitutional grounds. We could not discern whether the remainder of the order was predicated on federal constitutional grounds or state law grounds. Because the Eleventh Amendment bars federal courts from granting state law relief in actions against state officials, see Pennhurst State School & Hospital v. Halderman, --- U.S. ----, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), we remanded so that the district court could determine which parts of its order were mandated by the federal Constitution. Finally, because the district court did not consider any of the plaintiffs' federal statutory claims, we held that it was free to consider those claims on remand.
 
 
 3
 The instant appeal and cross-appeal concern the district court's November 30, 1983 award of attorney's fees based on its August 10 order. Because we vacated the entire order in Society for Good Will to Retarded Children, Inc. v. Cuomo, 737 F.2d 1239 (2d Cir.1984), plaintiffs have not yet prevailed on the merits in any way. An award of attorney's fees is available under 42 U.S.C. Sec. 1988 (Supp. IV 1980) "only to a party who has established his entitlement to some relief on the merits of his claims." Hanrahan v. Hampton, 446 U.S. 754, 757, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980) (per curiam). While our earlier opinion may make it seem likely that plaintiffs will be entitled to some relief, it is impossible to be certain how much--if any--will eventually be granted. Therefore, an award of attorney's fees at this point would be premature. The order of class certification which we affirmed does not constitute "relief on the merits," and cannot be the basis of an award of attorney's fees.
 
 
 4
 Defendants are not entitled to attorney's fees, as plaintiffs' action was not groundless. Hughes v. Rowe, 449 U.S. 5, 14-15, 101 S.Ct. 173, 178-179, 66 L.Ed.2d 163 (1980) (per curiam).
 
 
 5
 The order of the district court, 574 F.Supp. 994, is vacated. The case is remanded with instructions to deny the motion for attorney's fees, without prejudice to its subsequent renewal.