**Bonnie MANTOLETE,**
**Plaintiff-Appellant,**

v.

**William G. BOLGER, in his capacity as Postmaster General, United States Postal Service, Defendant-Appellee.**

No. 83–2197.

United States Court of Appeals, Ninth Circuit.

Motion for Reconsideration on Award of Attorneys Fees Sept. 23, 1985.

Decided June 11, 1986.

OPINION and ORDER DENYING MO-
TION FOR RECONSIDERATION
ON AWARD OF ATTORNEYS FEES

Before TANG and PREGERSON, Circuit
Judges, and RAFEEDIE *, District Judge.

* Honorable Edward Rafeedie, United States Dis-
trict Judge for the Central District of California,
sitting by designation.

TANG, Circuit Judge:

The Postmaster General moves to recon-
sider an interim award of attorney fees to
Bonnie Mantolete under the Rehabilitation
Act of 1973, 29 U.S.C. § 794a(b). The Post-
master General contends that Ms. Manto-
lete is not a prevailing party because we
did not rule in our decision on the merits of
her appeal that the Postal Service had dis-
criminated against her based on her physi-
cal handicap. We decline to reconsider our
award of fees. Our previous decision di-
rectly benefits both Ms. Mantolete and oth-
er handicapped individuals by imposing spe-
cific obligations on federal employers to
avoid discrimination against the handi-
capped. Ms. Mantolete has thus achieved
sufficient success to be considered a pre-
vailing party.

I

BACKGROUND

The facts of this case are set forth in
detail in our previous opinion. *Mantolete
v. Bolger,* 767 F.2d 1416, 1418–21 (9th Cir.
1985). After a bench trial, the district
court found that the Postal Service's refus-
al to hire Ms. Mantolete because of her
epileptic condition did not violate the Reha-
bilitation Act of 1973. We affirmed in
part, reversed in part, and remanded for
further consideration. We held that the
district court should have applied more
stringent standards to determine whether
Ms. Mantolete was a qualified handicapped
person, and whether the Postal Service
could reasonably accommodate her handi-
cap. *Id.* at 1421–24. We also held that the
district court did not abuse its discretion by
excluding certain evidence or by denying
class action discovery and dismissing Ms.
Mantolete's class action allegations. *Id.* at
1424–25.

On September 17, 1985, we issued an
order awarding Ms. Mantolete her costs on
appeal and granted an interim award of

attorney fees in an amount to be determined by the district court. The Postmaster General now seeks reconsideration of this award.

## II

### ANALYSIS

The Rehabilitation Act authorizes an award of attorney fees to a prevailing party other than the United States in an action to enforce or charge a violation of the Act. 29 U.S.C. § 794a(b). The only issue we must address on this motion for reconsideration is whether Ms. Mantolete has achieved sufficient success to be considered a prevailing party.[1] We hold that Ms. Mantolete has achieved sufficient success.

In interpreting the phrase "prevailing party," we look for guidance to cases construing this phrase under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. *See Hall v. Bolger*, 768 F.2d 1148, 1151 (9th Cir.1985). The Supreme Court has made clear that a plaintiff need not succeed on every claim to be entitled to fees under 42 U.S.C. § 1988. A plaintiff may be considered a prevailing party if he or she "succeed[s] on any significant issue in litigation which achieves some of the benefit [she] sought in bringing the suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). A plaintiff who prevails on appeal merely because of an erroneous procedural or evidentiary ruling, however, is not ordinarily entitled to fees. *Hanrahan v. Hampton*, 446 U.S. 754, 759, 100 S.Ct. 1987, 1990, 64 L.Ed.2d 670 (1980) (per curiam); *Sotumura v. County of Hawaii*, 679 F.2d 152, 152–53 (9th Cir.1982) per curiam). Rather, the plaintiff must establish entitlement "to some relief on the merits of [her] claims, either in the trial court or on appeal." *Hanrahan*, 446 U.S. at 757, 100 S.Ct. at 1989. Alternatively stated, there must have been some determination of "the substantial rights of the parties." *Id.* at 758, 100 S.Ct. at 1989.

The Postmaster General contends that Ms. Mantolete is not a prevailing party because the issue of whether she was improperly denied a job due to her handicap must still be determined by the district court on remand. We disagree. Although this particular issue remains to be decided, Ms. Mantolete has already prevailed on several significant issues that directly benefit her and other handicapped individuals.

First, our decision establishes that, contrary to the district court's holding and the government's contention, the government cannot refuse to give full consideration to the hiring or promotion of a handicapped person merely because employment of the person presents an elevated risk of injury, without regard to the likelihood or seriousness of any possible injury. Rather, the government must show "a reasonable probability of substantial harm." 767 F.2d at 1422.

Second, we held that the district court failed to apply a meaningful standard for determining whether the Postal Service could reasonably accommodate Ms. Mantolete's handicap without undue hardship. *Id.* at 1417–18. In particular, we held that the government has the burden of proof on this issue, and that a strong factual showing is necessary to meet this burden. *Id.* at 1423–24.

Third, our decision imposes specific, affirmative obligations on federal employers to gather information from the applicant and qualified experts so that they can properly evaluate whether there is a reasonable probability of substantial harm, and whether a reasonable accommodation of the applicant's handicap is possible. *Id.* at 1422–23. Reliance on stereotypes or subjective impressions is inadequate; an active investigation of the applicant's work experience and medical history, and of means of modifying the job structure or facilities to enable the applicant to work safely, is required. *Id.*

---

1. The Postmaster also contends that the amount of fees requested by Ms. Mantolete is excessive. We do not reach this issue. The district court should determine the proper amount of fees on remand.

All of the issues on which Ms. Mantolete has prevailed involve significant legal principles affecting the substantive rights of the parties. Our decision clarifies and strengthens the right of Ms. Mantolete to be free from the kind of discrimination that the Rehabilitation Act is intended to eradicate. Our decision also imposes specific duties on federal employers to eliminate employment discrimination against handicapped individuals. The significance of this decision goes well beyond the particular facts of this case. Thus, even if Ms. Mantolete does not prevail on her claim that the Postal Service discriminated against her in this specific instance, the standards established by our opinion will aid her in any future application for employment. Moreover, even though this case was not certified as a class action, we consider it important that Ms. Mantolete's success on appeal generally benefits all handicapped persons seeking employment. The fee provision of the Rehabilitation Act, like the analogous provision of the Civil Rights Act, should be liberally construed to achieve its purpose of ensuring compliance with the Act. *See Collins v. Chandler Unified School District,* 644 F.2d 759, 763–64 (9th Cir.), *cert. denied,* 454 U.S. 863, 102 S.Ct. 322, 70 L.Ed.2d 163 (1981); *see also Leeds v. Watson,* 630 F.2d 674, 677 (9th Cir.1980) (party who furthers the interest of a significant class of persons by effectuating congressional policies should be awarded fees); *Fast v. School District of Ladue,* 728 F.2d 1030, 1033–34 (8th Cir. 1984) (en banc) (plaintiff's vindication of an important public right is a significant reason for holding her to be a prevailing party, even though the suit was not a class action and the plaintiff did not obtain reinstatement in her job or back pay).

The Postmaster General contends that this case is analogous to *Hanrahan v. Hampton,* 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670. In *Hanrahan,* however, the appellants succeeded only on an issue of trial procedure: reversal of a directed verdict. *Id.* at 758–59, 100 S.Ct. at 1984–90. In contrast, Ms. Mantolete has prevailed on issues of substance, not procedure. Unlike the appellants in *Hanrahan,* she is, "as a practical matter," in a markedly better position than at the outset of her lawsuit. *See id.*

The Postmaster General apparently would have us read *Hanrahan* as holding that reversal on substantive legal grounds never justifies an award of fees in the absence of a finding that the opposing party's past conduct violates federal law. The Supreme Court, however, expressly distinguished success on procedural or evidentiary rulings from cases determining "substantial rights of the parties." *Id.* at 758–59, 100 S.Ct. at 1989–90; *see also Sotumura,* 679 F.2d at 152–53. Moreover, the Supreme Court noted that a final judgment of liability is not a prerequisite to prevailing party status; thus, "parties may be considered to have prevailed when they vindicate rights through a consent judgment or without formally obtaining relief." 446 U.S. at 757, 100 S.Ct. at 1989 (quoting H.R.Rep. No. 94–1558, p. 7 (1976)). Similarly, we hold that a party who, like Ms. Mantolete, has established a new legal precedent that significantly strengthens the protections of the Rehabilitation Act has achieved sufficient success to be considered a prevailing party under that Act.

The Postmaster General also cites *Chinese for Affirmative Action v. Leguennec,* 580 F.2d 1006 (9th Cir.1978), *cert. denied,* 439 U.S. 1129, 99 S.Ct. 1047, 59 L.Ed.2d 90 (1979), and *Society for Good Will to Retarded Children, Inc. v. Cuomo,* 737 F.2d 1253 (2d Cir.1984), as support for its argument that success on a legal issue does not warrant an award of fees absent a finding of past liability. Unlike the appellants in *Hanrahan,* the plaintiffs in *Chinese for Affirmative Action* and *Society for Good Will* were denied fees although they had prevailed on arguably substantive legal issues. In *Chinese for Affirmative Action,* this court reversed the dismissal of an action brought to enforce recent amendments to the Voting Rights Act on the ground that the defendants' alleged good faith effort to comply with the amendments was not a defense to noncompliance. *Id.* at 1008–09. In *Society for Good Will,* the

Second Circuit vacated in full an order granting broad relief to a class of mentally retarded persons, but implied that some of the plaintiffs' federal constitutional claims had merit. 737 F.2d at 1254.

We do not view *Chinese for Affirmative Action* as controlling authority. The real relief sought by the plaintiffs in that case was the provision of multilingual voting materials to language-minority voters. *See* 580 F.2d at 1008. The holding that good faith is not a defense to a failure to provide such materials—like the Supreme Court's reversal of the directed verdict in *Hanrahan*—only moved the plaintiffs one step closer to their goal. In contrast, it is clear from Ms. Mantolete's complaint that she seeks not only to obtain specific relief in regard to the Postal Service's refusal to hire her, but also to obtain general relief concerning the Postal Service's allegedly discriminatory policies against handicapped persons. Our decision, by establishing general standards that the federal government must follow in employing all handicapped persons, grants such relief.

We also do not find the Second Circuit decision in *Society for Good Will* to be persuasive authority for the Postmaster General's position. The plaintiffs in that case were the appellees, not the appellants. It would be difficult to say that they prevailed on appeal since the Second Circuit vacated in full the district court's order granting broad relief to the plaintiffs. *See* 737 F.2d at 1252, 1254. Moreover, the Second Circuit has held in a social security case that a party who obtains a remand may be deemed a prevailing party if she succeeds on a significant legal issue benefiting herself and others, even though she has not yet obtained an award of benefits. *See McGill v. Secretary of Health & Human Services*, 712 F.2d 28, 32 (2d Cir. 1983), *cert. denied* 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984).

Because Ms. Mantolete has achieved sufficient success to be considered a prevailing party, the Postmaster General's motion for reconsideration of our interim award of attorney fees is denied. In determining the amount of fees to be awarded on remand, the district court may consider both work done by Ms. Mantolete's counsel on the merits of this appeal, and time spent preparing this fee application and opposing the government's motion for reconsideration.

MOTION FOR RECONSIDERATION DENIED.