John S. HERRINGTON, et al., Plaintiffs,

v.

COUNTY OF SONOMA, Defendant.

No. C–80–2227–CAL.

United States District Court, N.D. California.

March 9, 1987.

---

The Law Offices of Jess S. Jackson, Barbara R. Banke, Frederik A. Jacobsen, Sideman & Bancroft, San Francisco, Cal., for plaintiffs.

John E. Carey, Jr., Antonio Rosmann, San Francisco, Cal., Susan Roff, Asst. Co. Counsel, Santa Rosa, Cal., for defendant.

## OPINION AND ORDER REGARDING ATTORNEYS' FEES AND COSTS

LEGGE, District Judge.

Plaintiffs have moved for an award of attorneys fees and costs under 42 U.S.C. section 1988. The motion is opposed by defendant and the matter has been heard by and submitted to the court. The court has reviewed the moving papers, the opposing papers, the arguments of counsel, the record, and the applicable authorities. The

court awards attorneys' fees and costs to plaintiffs and against defendant as set forth below.[1]

This motion is governed by section 1988, which provides in relevant part as follows:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

In applying that statute, this court must be guided by the considerations defined by the United States Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Smith v. Robinson*, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984); and *Riverside v. Rivera*, 477 U.S. ——, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986); and by the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976); *Manhart v. city of Los Angeles, Dept. of Water, etc.*, 652 F.2d 904 (9th Cir.1981), *cert. denied*, 461 U.S. 951, 103 S.Ct. 2420, 77 L.Ed.2d 1310 (1983); *Hamner v. Rios*, 769 F.2d 1404 (9th Cir.1985); and *Chalmers v. City of Los Angeles*, 796 F.2d 1205 (9th Cir. 1986).

## I.  Background Facts and This Motion

This action commenced in 1980 and concerns 540 acres of real estate owned by plaintiffs in Sonoma County. The complaint was originally dismissed by another judge of this court, but the Court of Appeals reversed and remanded. A jury trial was then conducted before the Honorable Stanley Weigel, and resulted in a verdict of approximately 2.5 million dollars in favor of plaintiffs and against defendant. The verdict for plaintiffs was based upon the finding that the federal constitutional rights of plaintiffs had been violated; 42 U.S.C. section 1983. Following lengthy post-trial proceedings, judgment was entered on the jury's verdict, and the case is now on appeal.

In this motion plaintiffs seek: (1) $363,-832.70 in attorneys' fees, (2) $42,629.12 in expenses, (3) post-judgment interest on those sums, and (4) the right to further petition this court for fees incurred in the preparation of this motion.

The fees and expenses which plaintiffs seek are those which have been incurred since the commencement of the litigation in 1980. The sums claimed by plaintiffs are, according to the record, the actual sums which the attorneys billed to plaintiffs. Plaintiffs' attorneys kept contemporaneous records of their hours and expenditures. Those records, or appropriate summaries of them, have been submitted to and examined by the court and by defendant. The amount of fees sought by the plaintiffs is approximately fourteen (14) per cent of the verdict and judgment.

It is clear that plaintiffs are the "prevailing parties" in this litigation under section 1988. Defendant has challenged the request for attorneys' fees on numerous grounds, which are discussed below.

## II.  The Right to Attorneys' Fees

Defendant argues that plaintiffs should have no recovery at all in this case. That is, that an award to plaintiffs in this case does not accomplish the congressional purposes of section 1988. Defendant then appears to retreat from that position and argues not that plaintiffs are entitled to no recovery, but that the inapplicability of the congressional purposes should be background for this court's consideration of defendant's other arguments. However, the court believes that defendant's arguments regarding the congressional purposes of section 1988 were taken from law which is no longer applicable, primarily cases decided before *Hensley*, 461 U.S. 424, 103 S.Ct. 1933.

█ In that regard, defendant argues for an elimination or reduction of fees because the award made by the jury provides

**1.**  The court acknowledges the assistance of Lisa K. Bell in the preparation of this opinion.

adequate compensation to plaintiffs, from which they could pay their attorneys' fees. Defendant argues that section 1988 is an "access to the court" provision which has no applicability to this case. However, the law now appears to be clear that plaintiffs' ability to pay is not a factor to be considered; *Duncan v. Poythress,* 777 F.2d 1508, 1511 (11th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1659, 90 L.Ed.2d 201 (1986); *Milwe v. Cavuoto,* 653 F.2d 80, 83 (2d Cir.1981); and that "fee awards are an integral part of the remedies necessary to obtain ... compliance" with the Civil Rights laws. *Hamner,* 769 F.2d at 1407–1408. This court does not believe that the size of the recovery should be a factor to eliminate or reduce plaintiffs' fees. Indeed, such an argument would eliminate the "success" factor which the court is required to consider in enhancement of the fees, and would operate as punishment for too much success. *Hensley,* 461 U.S. at 435–36, 103 S.Ct. at 1940–41; *Hamner,* 769 F.2d at 1408.

■ Defendant also argues that the purposes of section 1988 are not served here because the events were isolated ones involving only these plaintiffs, and not affecting the public generally. Stated another way, the result of this litigation was only a private benefit and not a public benefit. However, this argument appears to be contrary to the U.S. Supreme Court decision of *Riverside v. Rivera,* 477 U.S. ——, 106 S.Ct. at 2694–95. And indeed, there is a public benefit. Even though no recovery was made for the public, the substantial verdict and an award of attorney's fees has a deterrent effect which can inure to the public benefit.

■ Defendant also appears to argue that defendant was not in any way guilty of bad faith. But a finding of bad faith is not required under section 1988. Nothing in the statute compels a finding of bad faith as a prerequisite to an award of fees. Moreover, the Ninth Circuit has rejected good faith as a "special circumstance" justifying denial of fees. *See, e.g., Rutherford v. Pitchess,* 713 F.2d 1416, 1421 (9th Cir.1983); *Teitelbaum v. Sorenson,* 648 F.2d 1248, 1250–51 (9th Cir.1981).

The court will now turn to a consideration of the factors for setting the award defined by the Supreme Court and the Ninth Circuit, starting with the hours expended and the hourly rate.

### III.  Hours Expended

In defining the "reasonable attorneys' fee" under section 1988, a first inquiry is the number of hours "reasonably expended on the litigation." *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939. Plaintiffs' attorneys have established from their comtemporaneous records that they worked approximately 2,604.44 hours on this case. As stated, the foundational bases for their request are records contemporaneously maintained by plaintiffs' attorneys, which are essentially the same as the bills which the attorneys sent to plaintiffs at the time.

Defendant has made a few attacks on the adequacy of the records and documentation. However, the court has reviewed the records and finds that there are no substantial deficiencies. As with any set of records, retrospect would suggest better or more complete ways of preparing them. But none of the alleged deficiencies are material enough to require any reduction in the claimed hours.

The record demonstrates that plaintiffs' attorneys already exercised some billing judgment in reducing the hours which were billed to the plaintiffs. That is, the figures on which this motion is based already reflect some reductions from actual hours worked to hours billed, based upon factors which plaintiffs' attorneys believed were appropriate at the time. That is why some of the bills and records now appear to show some blanks.

Defendant argues that the hours claimed by plaintiffs should be reduced for various reasons:

■ The first is because plaintiffs abandoned one theory of recovery near the end of the trial. That is, plaintiffs commenced trial under theories of inverse condemnation, due process, and equal protection. On

the day before the case was submitted to the jury, plaintiffs abandoned the inverse condemnation claim and proceeded to the jury on the due process and equal protection claims. While there is authority that a reduction of hours can be made because time was spent on a claim that was unsuccessful or abandoned, *Smith v. Robinson*, 468 U.S. at 1006–07, 104 S.Ct. at 3465; *Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940, the court does not believe that such a reduction should be made here. The decision to abandon one theory before submission to the jury was undoubtedly a tactical decision—a decision which proved successful. In addition, the inverse condemnation claim grew out of the same core of facts as the due process and equal protection claims. And the three claims all involved essentially the same evidence and the same witnesses. *Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940.

■ Second, defendant argues that there should be some reduction in hours because of duplication of work. As the court understands defendant's argument, it breaks into two subparts. The first subpart is the number of lawyers who actually tried the case. This court does not believe that having two trial attorneys, as plaintiffs did, was excessive. One attorney focussed on the liability aspects of the case, and the other attorney on damages. Because of the size of the property and the monetary damages, two trial attorneys were not excessive. And of course the result supports the division of labors. The second subpart is a duplication in the work done by several of the attorneys in the pretrial stages of the case. It is apparent from the records that attorneys from several offices worked on this case, and that there was movement of attorneys from one firm to another. In spite of the attorneys' best efforts, the changing of law firms, or of personnel between law firms, will necessarily create inefficiencies and duplications. In the instant case, however, any reduction for such duplications are offset by enhancement for the success of the case, discussed below.

## IV. Hourly Rates

The hours reasonably expended on the litigation are to be multiplied by a "reasonable hourly rate." *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939.

Plaintiffs' attorneys have worked on this case since 1980. Declarations have been filed showing the hourly rates charged by each attorney during the period from 1980. Each attorney's rate increased during that period, but the declarations show the dates and the rates that were applicable at the time the services were performed. Plaintiffs seek only those rates charged at the time the services were rendered, not the present rates for all of those hours. Again, the court notes that the hourly rates reflect the amounts actually billed to plaintiffs.

The requested hourly rates are supported by declarations of trial attorneys in the San Francisco area, primarily by certain attorneys doing eminent domain and inverse condemnation litigation. There are also declarations regarding the billing rates of other law firms in the San Francisco area doing land use work. The declarations also show the experience level of each of plaintiffs' attorneys, and that they were qualified to do the work.

Defendant has put in conflicting declarations attempting to show that plaintiffs' hourly rates are too high. Defendant's arguments are based upon what defendant believes are the hourly rates of others doing this type of litigation in the San Francisco area.

After reviewing the declarations submitted by both parties, the court concludes that the hourly rates requested for each of plaintiffs' attorneys during each of the time periods is reasonable, with one exception. That exception is the hourly rate of one counsel; during the period June 1, 1985, through October 1, 1986, his rate should be $200 per hour and not $250 per hour. That is the one instance in which the hourly rates appear to be higher than the prevailing rates in the community, although the services of that attorney were certainly worth that rate to plaintiffs in terms of the result accomplished. Any re-

duction of this attorney's rates, however, is offset by the enhancement for the result, discussed below.

### V. Enhancement or Reduction Factors

█ Once a figure has been computed for the reasonable number of hours times the reasonable hourly rate, the other factors defined by the Supreme Court and the Ninth Circuit can be considered. This court has reviewed and considered each of these factors, *Hensley*, 461 U.S. at 430 n. 3, 103 S.Ct. at 1937 n. 3; *Kerr*, 526 F.2d at 70, and believes that the following factors merit discussion in this case.

The court first notes that plaintiffs do not seek an enhancement multiplier. It appears from the record that plaintiffs seek the actual fees charged by the attorneys and paid by plaintiffs. Nor does this appear to be a contingency case; there is no evidence in the record of any percentage of recovery having been agreed upon.

The results were excellent. All participants in the trial, including the trial judge, indicated that the verdict was higher than had been anticipated, and higher than the amount which plaintiffs' attorneys argued for in closing argument.

The issues and facts in the case were also complex and extended. The court had occasion to review the entire transcript of the trial during the post-trial motions, and believes that the complexity and detail involved in the case justify an enhancement.

According to the Ninth Circuit, while this court is obligated to consider all of the relevant factors, it need not provide precise, detailed mathematical calculations. *Chalmers*, 796 F.2d at 1211. As previously discussed, any reduction in the number of hours, or reduction in the fee per hour, are offset by the above factors justifying enhancement.

### VI. Expenses

█ Plaintiffs also seek $42,629.12 in expenses. In support of that award, they have submitted itemized bills. The court does not understand defendant to contest the claims for expenses, and the court's independent review shows no legal basis on which they would have to be reduced. The claim for expenses is therefore awarded in full.

### VII. Postjudgment Interest

Plaintiffs also seek postjudgment interest on their fees and expenses. Such an award of postjudgment interest is authorized by *Hall v. Bolger*, 768 F.2d 1148, 1152 (9th Cir.1985). This matter is discretionary with the court, and the court does not understand defendant to contest the exercise of that discretion here.

█ The court believes that the discretion should be exercised in favor of such an award of interest, primarily because of the following factors: the results accomplished; the length of time since the case commenced; the length of time taken by defendant in post-verdict motions, which did not result in any benefit to defendant but which delayed entry of the judgment; and that an appeal is already pending. Postjudgment interest on the fees and expenses will therefore be awarded.

### VII. Fees for this Motion

█ Plaintiffs have indicated that they wish to file a further application for their fees and expenses in connection with the preparation of this fee motion. No amount is as yet requested, and the court has been provided with no hours, rates, or other information. Authority indicates that the time spent in preparing the fee application is recoverable. *See, Chalmers*, 796 F.2d at 1214; *Mantole v. Bolger*, 791 F.2d 784, 788 (9th Cir.1985); However, the general practice is to include that time and rate in the original fee application itself.

The court exercises its discretion not to entertain a further fee application. This order otherwise grants plaintiffs all of the fees and expenses which they seek. And the time spent in preparation of the motion would be a relatively small percentage of the total hours spent on the case. Defendant's opposition to this motion, although unsuccessful, was certainly undertaken in good faith and was perhaps even compelled by the large amount of fees sought. The

court believes that both the language and the purpose of section 1988 have been fulfilled by this award.

## VIII.

IT IS THEREFORE ORDERED and adjudged as follows:

1. Plaintiffs are awarded $363,832.70 against defendant as reasonable attorneys' fees.

2. Plaintiffs are awarded $42,692.12 against defendant for expenses.

3. Plaintiffs may recover interest on the above attorneys fees and expenses, running from the date of entry of judgment.

4. Plaintiffs may not file a further application for fees and expenses in connection with this motion.