17 F.3d 395
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PREFERRED COMMUNICATIONS, INC., Plaintiff-Appellant,
v.
CITY OF LOS ANGELES; Department of Water and Power,
Defendants-Appellees.
PREFERRED COMMUNICATIONS, INC., Plaintiff-Appellee,
v.
CITY OF LOS ANGELES; Department of Water and Power,
Defendants-Appellants.
 Nos. 91-56261, 91-56269.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 8, 1993.
Decided Jan. 7, 1994.
 
 Before: KOZINSKI, SILER* and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 As one aspect of this epic piece of litigation, each side appeals the district court's award of $530,489.31 in attorney's fees to Preferred. The city of Los Angeles contends any award was improper; Preferred argues the award was proper but too parsimonious. The question of a fee award in this case amounts to a string of complex judgment calls. Accordingly, the district court issued a detailed 38-page explanation of how it reached its decision. We review the award for abuse of discretion. Corder v. Gates, 947 F.2d 374, 377 (9th Cir.1991).
 
 
 3
 A. The city argues Preferred isn't a prevailing party within the meaning of 42 U.S.C. Sec. 1988, because it lost on many of its claims. It's true that a party becomes eligible for a fee award only if it wins at least some of what it sought in its lawsuit. But Preferred not only won some of what it sought; it prevailed on the central issue of the case: The one area/one operator policy was found unconstitutional by the district court, a judgment we affirm today in a separate opinion. Though Preferred was not actually awarded a franchise, it has secured the right to compete for one. That's a significant victory, one which has altered the legal relationship between Preferred and the city. This is all that's required for Preferred to be eligible for fees. See Texas State Teachers Ass'n v. Garland Indep. School Dist., 489 U.S. 782, 789, 791-92 (1989). Aside from Preferred's ability to compete, it has strengthened and clarified important constitutional rights through this lawsuit, independently establishing its entitlement to fees. Mantolete v. Bolger, 791 F.2d 784, 787 (9th Cir.1986). Finally, Preferred was awarded nominal damages, and "a plaintiff who wins nominal damages is a prevailing party under Sec. 1988." Farrar v. Hobby, 113 S.Ct. 566, 573 (1992).
 
 
 4
 B. Preferred challenges the district court's determination of a reasonable hourly rate. It argues the district court erred in taking into account the hourly rate charged by opposing counsel. Preferred says it shouldn't be saddled with that low figure, since the city got the benefit of a reduced government rate. But the court didn't peg Preferred's rate to that charged the city; it simply took that rate into account as one of many factors. CR 615 at 29. We find no abuse of discretion in this. Nor do we find any in the district court's consideration of several other factors in its calculations: the prevailing rate in Los Angeles, the special skill and experience of Preferred's attorneys, the evidence submitted by Preferred to support the rates it paid its lawyer and the role of a reasonable rate in attracting counsel to future cases.
 
 
 5
 Preferred next argues the court should have used current hourly rates, rather than assigning its attorneys' hours the value they had when the work was performed. But the lion's share of the work on the case had been done relatively recently, CR 615 at 32, and the court did not abuse its discretion in refusing to use current rates as a way of compensating for inflation and delay in payment. We thus affirm the court's determination of a reasonable hourly rate.
 
 
 6
 C. The court's handling of the total number of hours spent on the case is problematic in light of our ruling on the merits. Since we have vacated a considerable part of the district court decree as advisory, Preferred has prevailed only on some of its claims. Because its success was partial, on remand, the district court must reduce the award to take account of Preferred's limited success. The fee cannot include time spent on unrelated unsuccessful claims, and must be reduced from full compensation on related claims to take account of plaintiffs' partial and limited success and the significance of the overall relief obtained. Hensley v. Eckerhart, 461 U.S. 424, 440 (1983); Thorne v. City of El Segundo, 802 F.2d 1131, 1141 (9th Cir.1986).
 
 
 7
 Preferred argues the court erred by reducing the total hours for "billing judgment" three different ways. The court refused to consider hours on timesheets that contained no substantive description of the work done, and separately omitted all work done by legal staff who spent fewer than 150 hours on the case. In addition, it cut the total remaining hours by 10%. The cuts were not at all redundant. The first two cuts corrected the baseline: one to exclude improperly documented time, the other to offset the start-up costs and the lack of familiarity associated with the use of lawyers for such relatively short periods of time. The 10% cut thus is really the only one that corrected for billing judgment errors.
 
 
 8
 Preferred next argues the district court excluded too many of the hours spent on its Supreme Court appeal. The district court considered all of Preferred's arguments regarding the complexity and demands of that appeal, and it concluded that 450 hours was a reasonable amount of time to spend. We find no abuse of discretion.
 
 
 9
 D. The court docked Preferred $2,000 for filing its request for attorney's fees and its request to tax costs late, and for misrepresenting authority. See C.D.Cal. Local Rules 27.1 and 16.10. And, while the court granted Preferred leave to file its application for fees late, the court refused to consider Preferred's late application to tax costs. The application to tax costs was filed 18 days after judgment, beyond the 15-day limit provided for in Local Rule 16.10; there was no abuse of discretion in refusing to grant Preferred an exception to this rule. Nor was there an abuse of discretion in the court's decision to impose sanctions against Preferred on account of its late filing and its mischaracterization of authority.
 
 
 10
 Preferred's request for fees included payment for the hours spent preparing its fee application. The district court cut those hours by more than half to reflect the extra time required by Preferred's own error in filing the request late, and to reflect the extra time Preferred had to spend to correct deficiencies in its original request. CR 615 at 36-37. Preferred says its request for fees didn't include the extra time it had to spend because the request was late. But even if we found that factor improper for the district court to consider, we still could not find that the resulting award--$32,500--reflected an abuse of discretion.
 
 
 11
 Preferred next protests the district court's refusal to award it out of pocket expenses, such as overnight mailings, phone bills and meals. The district court ruled that Preferred had inadequately documented those expenses, and rejected a later offer by Preferred to submit its receipts. Because the expenses weren't submitted in a fashion that enabled the district to determine whether they were reasonable, the court did not err in refusing to grant the request.
 
 
 12
 E. Finally, Preferred argues the district court should have enhanced the lodestar to reflect the risk inherent in this type of representation. But risk premiums are inappropriate under federal fee-shifting statutes. See City of Burlington v. Dague, 112 S.Ct. 2638, 2643-44 (1992) (finding contingency enhancement inappropriate under a statute with provisions similar to section 1988); see also Stewart v. Gates, 987 F.2d 1450, 1453 (9th Cir.1993) (applying Dague to section 1988).
 
 
 13
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3