24 F.3d 247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Frank D. MILLIGEN, Plaintiff-Appellant,
v.
POSTMASTER GENERAL, United States Postal Service, Defendant-Appellee.
 No. 92-16275.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1993.*
Decided May 2, 1994.
 
 Before: POOLE, BEEZER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank D. Milligen appeals the district court's summary judgment in favor of the defendant, the Postmaster General, in Milligen's action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. We affirm.
 
 
 3
 * Milligen contends that the district court's summary judgment was improper because he established a prima facie case of gender discrimination in the form of a hostile work environment.[1]
 
 
 4
 A hostile work environment is shown by "the existence of severe or pervasive and unwelcome verbal or physical harassment because of the plaintiff's membership in a protected class." Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1109 (9th Cir.1991). "When the workplace is permeated with 'discriminatory intimidation, ridicule, and insult' that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' Title VII is violated." Harris v. Forklift Sys., Inc., 114 S.Ct. 367, 370 (1993) (quoting Meritor Savings Bank v. Vinson, 477 U.S. 57, 65, 67 (1986)) (internal citations omitted); see also id. at 371 ("[s]o long as the environment would reasonably be perceived, and is perceived, as hostile or abusive, there is no need for it also to be psychologically injurious") (internal citations omitted).
 
 
 5
 The district court did not err by granting summary judgment in favor of the Postmaster General. Milligen presented no evidence that his supervisor treated any other employees, male or female, differently. One male and one female, who were supervised by another supervisor, did receive more time to work on E.E.O. complaints, but this does not give rise to any inference of discrmination based on gender. Milligen alleges that the postal service audit, which referred to the "zone 26 clerk['s]" lack of motivation, is another example of harassment, but he was unable to proffer any evidence that it was motivated by his gender or that women were treated differently. His acting supervisor's alleged proposal to change his work hours was withdrawn immediately after Milligen told her that it violated the collective bargaining agreement. Milligen presents no evidence supporting even an inference that he was treated differently based upon his gender, much less subjected to the pervasive discrimination or harassment necessary to establish a hostile work environment. See Harris, 114 S.Ct. at 370-71.
 
 II
 
 6
 Milligen contends that the district court erred by denying him paid administrative leave to attend his deposition in this case. The magistrate judge denied his motion, which was filed before the district court decided the merits of the case, as premature on the ground that Milligen was entitled to paid leave only if he prevailed in his action.
 
 
 7
 Milligen never appealed the magistrate judge's denial to the district court judge, and accordingly, the Postmaster General contends that Milligen waived his objections to the magistrate judge's order and cannot appeal the magistrate judge's order to this court. Milligen's failure to file objections to the magistrate judge's order means that he waives his objections on appeal only to factual holdings by the magistrate judge, not legal issues. Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir.1991). Thus, we can review the legal issue of whether Milligen was entitled to paid administrative leave only if he prevailed in his suit.
 
 
 8
 The magistrate judge properly denied Milligen's motion because Milligen was entitled to costs of his suit only if he prevailed. See 42 U.S.C. Secs. 2000e-5(g)(1) (court may order such equitable relief as it deems appropriate against employer that has engaged in discrimination), 2000e-5(k) (prevailing party receives costs); Sosa v. Hiraoka, 920 F.2d 1451, 1461-62 (9th Cir.1990); Mantolete v. Bolger, 791 F.2d 784, 785-88 (9th Cir.1986).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In the district court, Milligen also raised claims under the Rehabilitation Act, 29 U.S.C. Sec. 791 et seq., and the Age Discrimination in Employment Act, 29 U.S.C. Sec. 633 et seq. He ultimately argued only the sex discrimination claim and thus raises only the sex discrimination claim on appeal