[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 24, 2008
THOMAS K. KAHN
CLERK

No. 07-11822

_____

D. C. Docket No. 05-22407-CV-WMH

PATRICIA CLARICE ELLIS,

Plaintiff-Appellee,

versus

JAMES B. WRIGHT,
individually,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 24, 2008)**

Before BLACK and MARCUS, Circuit Judges, and EVANS,[*] District Judge.

PER CURIAM:

_____

[*] Honorable Orinda Evans, United States District Judge for the Northern District of
Georgia, sitting by designation.

After a thorough review of the record, taking the evidence in the light most favorable to Patricia Ellis, and with the benefit of oral argument, we affirm the district court's finding that Chief Wright was not entitled to qualified immunity. Quite simply, we do not believe any objectively reasonable officer in the same circumstances and possessing the same knowledge as Chief Wright could have believed that even arguable probable cause existed for arresting Ellis for violating Florida Statute Section 810.09 or 877.03. Having determined Chief Wright is not entitled to qualified immunity against Ellis's claim of unlawful arrest under 42 U.S.C. § 1983, we, therefore, also conclude he is not entitled to qualified immunity against Ellis's claim of excessive force.

**AFFIRMED.**[1]

---

[1] Ellis's motion for attorney's fees under 42 U.S.C. § 1988 is denied. Section 1988 only authorizes fee awards to "prevailing parties." 42 U.S.C. § 1988. A party is not a prevailing party until they have prevailed on the merits of at least one of their claims. *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980). Ellis has only succeeded on an interlocutory appeal, which will allow her suit to proceed to an adjudication of the merits; therefore, she is not a prevailing party.