**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LINDA SENN,
*Plaintiff-Appellee*,

v.

KYLE SMITH,
*Defendant-Appellant*,

and

CITY OF PORTLAND; LARRY GRAHAM; JEFFREY MCDANIEL; MULTNOMAH COUNTY; JOHN DOES, 1–10,
*Defendants.*

No. 21-35293

D.C. No. 3:18-cv-01814-HZ

ORDER

Filed June 8, 2022

Before: Susan P. Graber, Carlos T. Bea, and Milan D. Smith, Jr., Circuit Judges.

Order

# SUMMARY[*]

## Civil Rights/Attorneys' Fees

The panel denied a motion for attorney's fees sought pursuant to 42 U.S.C. § 1988 following the panel's decision, in an unpublished disposition, affirming the denial of qualified immunity to a deputy sergeant who allegedly violated plaintiff's Fourth Amendment rights to be free of excessive force. *Senn v. Smith*, 2022 WL 822198 (9th Cir. March 18, 2022) (unpublished).

The panel denied fees because plaintiff was not a "prevailing party" within the meaning of § 1988(b). The panel published this order to reaffirm that a plaintiff who accomplishes no more than to defeat a defendant's motion for qualified immunity is not entitled to attorney's fees pursuant to § 1988(b), because the plaintiff has not yet prevailed on any claim. The panel held that it was bound by this court's prior decision in *Cooper v. Dupnik*, 963 F.2d 1220, 1252 & n.13 (9th Cir. 1992) (en banc), *overruled in part on other grounds by Chavez v. Martinez*, 538 U.S. 760 (2003). Although the Supreme Court later overruled *Cooper* in part, on a different issue, *Chavez*, 538 U.S. at 773, the holding in *Cooper* as to attorney's fees remained good law. Independently, the panel noted its agreement with the rule announced in *Cooper*, which comports with Supreme Court precedent and accords with holdings by sister circuits in the identical procedural posture.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

B. Andrew Jones (argued), Multnomah County Attorney's Office, Portland, Oregon, for Defendant-Appellant.

Athul K. Acharya (argued), Public Accountability, Portland, Oregon; Juan Chavez, Oregon Justice Resource Center, Portland, Oregon; for Plaintiff-Appellee.

**ORDER**

Plaintiff Linda Senn brought this 42 U.S.C. § 1983 action against Defendant Kyle Smith, a deputy sergeant with the Multnomah County Sheriff's Office.  Plaintiff alleges that Defendant violated her Fourth Amendment right to be free of excessive force by pepper-spraying her without adequate justification.  The district court denied Defendant's motion for qualified immunity, and Defendant filed this interlocutory appeal.  In an unpublished disposition, we affirmed the denial of qualified immunity and remanded for trial.  *Senn v. Smith*, 2022 WL 822198 (9th Cir. March 18, 2022) (unpublished).

Plaintiff now seeks attorney's fees pursuant to 42 U.S.C. § 1988(b), which generally grants courts discretion to award "a reasonable attorney's fee" to a "prevailing party."  We deny fees because Plaintiff is not a "prevailing party" within the meaning of § 1988(b).  We publish this order to reaffirm that a plaintiff who accomplishes no more than to defeat a defendant's motion for qualified immunity is not entitled to fees pursuant to § 1988(b), because the plaintiff has not yet prevailed on any claim.

Three decades ago, sitting en banc, we affirmed a district court's denial of qualified immunity in a 42 U.S.C. § 1983 action, but we denied the plaintiff's motion for attorney's fees. *Cooper v. Dupnik*, 963 F.2d 1220, 1252 & n.13 (9th Cir. 1992) (en banc), *overruled in part on other grounds by Chavez v. Martinez*, 538 U.S. 760 (2003). We explained that, even though the plaintiff had successfully defeated the defendants' motion for qualified immunity, the plaintiff "is not yet entitled to attorneys' fees under 42 U.S.C. § 1988 because he has not yet prevailed on a claim." *Id.* at 1252 n.13 (citing *Hanrahan v. Hampton*, 446 U.S. 754, 757 (1980) (per curiam)). "Section 1988 does not provide for attorneys' fees where a party merely establishes his right to a trial." *Id.*

Although the Supreme Court later overruled *Cooper* in part, on a different issue, *Chavez*, 538 U.S. at 773, our holding in *Cooper* as to attorney's fees remains good law. Because *Cooper* is directly on point, *Cooper* binds us. *Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir. 2003) (en banc).

Independently, we note our agreement with the rule announced in *Cooper*. The rule comports with Supreme Court precedent. *See Hanrahan*, 446 U.S. at 758 (holding that the plaintiffs were not "prevailing part[ies]" pursuant to § 1988(b) because "[t]he Court of Appeals held only that the [plaintiffs] were entitled to a trial of their cause"). And the rule accords with holdings by our sister circuits in the identical procedural posture. *See, e.g., Ellis v. Wright*, 293 F. App'x 634, 634 n.1 (11th Cir. 2008) (per curiam) (unpublished) ("Ellis's motion for attorney's fees under 42 U.S.C. § 1988 is denied. Section 1988 only authorizes fee awards to prevailing parties. A party is not a prevailing party until they have prevailed on the merits of at least one

of their claims. Ellis has only succeeded on an interlocutory appeal, which will allow her suit to proceed to an adjudication of the merits; therefore, she is not a prevailing party." (internal quotation marks and citations omitted)); *Engel v. Wendl,* 921 F.2d 148, 150 (8th Cir. 1990) (per curiam) (order) ("Although plaintiff was successful in the appeal on the issue of qualified immunity, plaintiff has yet to establish that he is a 'prevailing party' under section 1988.").

Plaintiff's argument to the contrary rests on a single published decision, issued in 1986 and involving a different statutory scheme. *Mantolete v. Bolger*, 791 F.2d 784 (9th Cir. 1986). To the extent that the principles described in *Mantolete* conflict with the rule in *Cooper*, we are bound to follow *Cooper*, which is directly on point and was decided by the en banc court later in time than *Mantolete. Miller*, 335 F.3d at 900. We leave for another day the question whether *Mantolete* remains good law in any respect. *See, e.g., Farrar v. Hobby*, 506 U.S. 103, 111 (1992) ("[T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought or comparable relief through a consent decree or settlement. Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement." (citations omitted)).

**Motion for Fees DENIED.**